IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 05-063 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 90) |
| vs. | |
| LUIS C. RODRIGUEZ, | |
| Defendant. | |
| | |
| LUIS C. RODRIGUEZ, | **CASE NO. CV F 08-802 LJO** |
| | **ORDER ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Defendant and Petitioner Luis C. Rodriguez ("Mr. Rodriguez") is a federal prisoner who petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("section 2255"). Having considered Mr. Rodriguez's section 2255 motion on the record, this Court DENIES the motion.

1

# BACKGROUND

## Charges, Trial and Sentence

A March 3, 2005 indictment, and May 18, 2006 superceding indictment, charged Mr. Rodriguez with two counts-(1) receipt or distribution of material involving the sexual exploitation of minors (18 U.S.C. §2252(a)(2)); and (2) possession of material involving the sexual exploitation of minors (18 U.S.C. §2252(a)(4)(B)).  Mr. Rodriguez pled not guilty to these charges.

The action proceeded to trial on May 30, 2006.  On April 1, 2006, the jury returned a unanimous verdict to find Mr. Rodriguez guilty on both counts.  Mr. Rodriguez was sentenced to 135 months.  He is currently held in the Medical Center for Federal Prisoners in Springfield, Missouri.

## Motion for New Trial

On July 6, 2007, Mr. Rodriguez, with new counsel, moved for a new trial.  Central to the motion for new trial was a declaration of an expert witness, David R. Penrod ("Mr. Penrod").  According to Mr. Penrod, there is no evidence that Mr. Rodriguez "downloaded," "possessed," or "saw" the thumbnail images containing child pornography on Mr. Rodriguez's computer:

> Microsoft Windows Internet Explorer automatically downloads all thumbnail graphic image files found on every website visited by the user into the user's Internet History cache.  This download occurs without the knowledge of the user.  All graphic images on every visited website are downloaded, including images not seen by the user, which can amount to thousands of images.
>
> There are twelve-thousand and thirty-eight (12,028) [sic] thumbnail images containing pornography in the Internet History cache within Mr. Rodriguez's User Profile.  These files were automatically downloaded by Internet explorer without the knowledge of Mr. Rodriguez.  In other words, they were not downloaded by Mr. Rodriguez.  In this case, the government claims that fifty-one (51) of these thumbnail images contain child pornography and that somehow Mr. Rodriguez "possessed" them.  This is simply not true.  There is no evidence that can be found to prove that Mr. Rodriguez ever viewed any of these images...There is simply no means available to prove a user "saw" a particular thumbnail image.

Declaration of David J. Penrod ("Penrod Decl.") at ¶¶ 12, 17.  Mr. Penrod further avers that "at least two (2) other users, both of who have separate User Profiles on Mr. Rodriguez's work computer and containers in the recycle Bin, downloaded and accessed adult and child pornography."  Penrod Decl. at ¶13.  Mr. Penrod opines that the percentage of child pornography to adult pornography is "minuscule" and "statistically insignificant" and that the evidence "demonstrates at best a marginal interest in children as sexual objects."  Penrod Decl. at ¶¶19, 20.

After oral argument, this Court denied Mr. Rodriguez's motion for a new trial on July 27, 2007.

**Direct Appeal and section 2255 motion**

Mr. Rodriguez filed a notice of appeal on August 1, 2007. Mr. Rodriguez appealed this Court's denial of his motion to suppress evidence and motion for a new trial. On February 26, 2008, Mr. Rodriguez filed this section 2255 motion directly with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") to argue ineffective assistance of counsel. By order on May 20, 2008, the Ninth Circuit transferred the section 2255 motion to this Court, pursuant to Fed. R. App. P. 22(a). Thereafter, this Court held in abeyance Mr. Rodriguez's section 2255 petition until resolution of his direct appeal.

On April 17, 2009, the Ninth Circuit issued a memorandum decision to affirm the district court's denial of Mr. Rodriguez's motion to suppress and motion for new trial. *United States of America v. Rodriguez*, No. 07-10374 (9th Cir. 2009) (Crim. Doc. 101) ("Appellate Decision"). In its decision, the Ninth Circuit also addressed Mr. Rodriguez's ineffective assistance of counsel claim. Appellate Decision, 5-6. The mandate of the Ninth Circuit issued on May 12, 2009.

With Mr. Rodriguez's direct appeal resolved, this Court re-set the briefing schedule for his section 2255 motion. The government opposed Mr. Rodriguez's motion on June 8, 2009. Mr. Rodriguez filed his reply on June 22, 2009. This Court found this motion suitable for decision without a hearing, pursuant to Local Rule 78-230(h).

**DISCUSSION**

Mr. Rodriguez seeks relief pursuant section 2255 based on his claim of ineffective assistance of counsel. The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right...to have the Assistance of Counsel for his defense." U.S. Constitution, Amend. VI. This provision provides a criminal defendant with the "right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor to consider is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466

1  U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert.
2  denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's
3  performance was deficient and that counsel made errors so serious not to function as "counsel"
4  guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must
5  identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment
6  considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v.
7  Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996).
8  There is a strong presumption that counsel's performance fell within the wide range of professional
9  assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting
10 *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695,
11 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466
12 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d
13 1446, 1456 (9th Cir. 1994).

14       The second factor for court consideration is whether the petitioner has affirmatively proven
15 prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs
16 when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
17 proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable
18 probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466
19 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would
20 have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.
21 A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because
22 of counsel's ineffectiveness. *Id.*; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d
23 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her
24 conviction or sentence is set aside solely because the outcome may have been different but for counsel's
25 errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's
26 performance fell below an objective standard of reasonableness, and that but for counsel's
27 unprofessional errors, the result of the proceeding would have been different, the court must determine
28 despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

To support his claim, Mr. Rodriguez relies on Mr. Penrod's declaration, as described more fully above. In addition, Mr. Rodriguez submits the declaration of Vincent J. Jura, II ("Mr. Jura"). Mr. Jura is a private investigator who interviewed Mr. Rodriguez's trial counsel by telephone on November 28, 2007. According to Mr. Jura:

> I asked [trial counsel] the following question: "Is there any reason to explain why you chose not to utilize a defense retained computer forensic expert on the Luis C. Rodriguez case?"
> [Counsel] replied, "Based upon a client interview I conducted with him (Rodriguez) and the facts at issue, I felt it would not be necessary to have one."
>
> I asked [trial counsel], "Was there any strategic, budgetary or tactical reason [counsel] took into consideration when making this decision to not utilize a defense computer forensic expert?"
> [Counsel] replied, "I believe if I requested one, the request would have been granted."
>
> I asked him, "Has there ever been case, which he is aware of that is of similar type as the Rodriguez case, whereas a defense case strategy was to not employ a computer forensic expert." [Counsel] did not answer the question. He stated he could possibly answer these questions when meeting with me [at a later date]."

Jura Decl. at pp. 1-2.

As to the first *Strickland* factor, Mr. Rodriguez argues that his trial counsel's failure to call expert witnesses in the instant case, "where the prosecution's case hinged almost exclusively on expert testimony, pervaded the trial through identifiable mistakes" and constituted "per se ineffective assistance of counsel." In opposition, the government argues that the trial counsel's decision not to retain experts and present expert testimony at trial was "a decision well within trial counsel's discretion."

Mr. Rodriguez argues that the second *Strickland* factor is satisfied, because had his trial counsel retained a computer expert witness, the outcome would have been different. The government argues that Mr. Rodriguez cannot succeed on his ineffective assistance of counsel claim, because there was abundant evidence upon which the jury could have based its verdict, even if expert testimony had been presented.

This Court first considers the second *Strickland* factor. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

In its decision on Mr. Rodriguez's appeal, the Ninth Circuit considered Mr. Rodriguez's

5

ineffective assistance of counsel claim. On this issue, the Ninth Circuit ruled:

> Rodriguez cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984), because there was evidence of (1) child pornography on his work computer under files bearing his initials; (2) Rodriguez's access to computers at this residence and access to the internet; and (3) Rodriguez's returning to his residence and destroying images of child pornography after he suspected that he was the target of a criminal investigation.

Appellate Decision at 6.

Having considered the parties' arguments, evidence, and the applicable law, this Court agrees with the Ninth Circuit, and the government, that Mr. Rodriguez cannot show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different.

The government presented abundant evidence upon which the jury could have based its verdicts, including: Mr. Rodriguez worked in a laboratory and worked on a computer that had multiple users. Other users, but never Mr. Rodriguez, complained about continual pop-up images of pornography on the work computer. When the information technology specialist at the work site attempted to solve the problem, he discovered images of naked children and contacted law enforcement. When a law enforcement officer questioned Mr. Rodriguez, he appeared nervous and evasive, and he claimed not to remember his password. Mr. Rodriguez also stated that he never shared his password with anyone. Mr. Rodriguez denied that he had a working computer at his residence. Even though Mr. Rodriguez's supervisor told the law enforcement officer that Mr. Rodriguez rarely went home for lunch, Mr. Rodriguez ended the interview and went home before his normal lunch hour. Once home, Mr. Rodriguez removed the hard drive from his computer and broke several compact discs, some labeled "teen" or apparently "preteen." He placed handwritten URLs of pornography website into vehicles on the property. He placed a large amount of stories detailing incest and sexual activities between adults and children into a barrel and started to burn them. The government contended that Mr. Rodriguez also placed sexually explicit images of children into the same burning barrel and attempted to destroy that evidence, as well. All other employees who had access to the computer on which the child pornography was stored testified under oath at trial and denied looking at or downloading any pornography. Most of those witnesses complained about images of pornography that kept appearing on the computer. The pornographic images were located in a folder with Mr. Rodriguez's initials–LCR–and were organized

in specific folders. One folder was labeled "Young Teens." Moreover, the internet activity of the person logged in under the username "LCR" with the unique password assigned to Mr. Rodriguez demonstrated that person would access a website related to one of the insects on which Mr. Rodriguez helped to research and then minutes later that person would place an image into the "Young Teens" folder.[1]

Mr. Rodriguez cannot demonstrate that a different result would be reached, even if a computer forensics expert, such as Mr. Penrod, had testified at trial. Mr. Penrod opines that there are:

> three (3) possible interpretations of this evidence [that others had access to the work computer]:
> 1) That two other persons downloaded pornography onto the work computer in addition to Mr. Rodriguez;
> 2) That Mr. Rodriguez downloaded all of the pornography and was able to access other User Profiles to do so;
> 3) Those other users, not Mr. Rodriguez, downloaded all or some of the pornography and were able to access Mr. Rodriguez's User Profile to do so.

Penrod Decl. at ¶16. As the government points out, Mr. Penrod suggests by his own analysis that in two of three scenarios, *Mr. Rodriguez is the person responsible* for putting the child pornography into folders on the work computer. Moreover, the government points out several inconsistencies in Mr. Penrod's declaration and provides evidence by declaration that contradict Mr. Penrod's assertions. In addition, Mr. Penrod's opinion does not address the evidence supporting Mr. Rodriguez's possession of child pornography at his home. Furthermore, the only scenario in which Mr. Penrod suggests Mr. Rodriguez to be not guilty of the charges is contradicted by Mr. Rodriguez's own statement that he never shared his computer password. For these reasons, Mr. Rodriguez's expert witness testimony presents no unequivocal evidence that would have caused a different result. The evidence presented at trial supported the jury verdict, even if computer forensics expert Mr. Penrod had testified at trial.

Based on the above findings, there is no "probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court finds that the outcome would have been the same notwithstanding counsel's errors. Accordingly, this Court finds no prejudice to support Mr. Rodriguez's ineffective assistance of counsel claim, and such claim must fail. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.

---

[1] In his reply memorandum, Mr. Rodriguez does not refute the government's summary of the evidence presented against him at trial.

The Court further rejects Mr. Rodriguez's argument that retention of an expert witness would have changed the outcome of the motion to suppress. The Ninth Circuit ruled that there was probable cause and exigent circumstances to perform a warrantless search to affirm the Court's denial of Mr. Rodriguez's motion to suppress. Appellate Decision, 2-4. Because the evidence demonstrated materials other than photographs were burned in the barrel, and because it was within the province of the jury to make a finding of fact regarding what materials Mr. Rodriguez burned, Mr. Rodriguez fails to demonstrate that his trial counsel's failure to retain an expert to testify regarding the age of the models in the burn barrel could have changed the outcome of the motion to suppress or the jury's verdict.

**CONCLUSION AND ORDER**

For the foregoing reasons, this Court DENIES Mr. Rodriguez's section 2255 relief. The clerk is directed to close Case No. CV F 08-802.

IT IS SO ORDERED.

**Dated:   June 23, 2009**                                    **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE