IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 05-063 LJO |
| Plaintiff, | **ORDER TO DENY CERTIFICATE OF APPEALABILITY** |
| vs. | |
| LUIS C. RODRIGUEZ, | |
| Defendant. | |
| | |
| LUIS C. RODRIGUEZ, | CASE NO. CV F 08-802 LJO |
| Petitioner, | **ORDER TO DENY CERTIFICATE OF APPEALABILITY** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Defendant and Petitioner Luis C. Rodriguez ("Mr. Rodriguez") is a federal prisoner who petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court, having considered the merits of Mr. Rodriguez's claim, DENIES a certificate of appealability.

1

## BACKGROUND

### Charges, Trial and Sentence

A March 3, 2005 indictment, and May 18, 2006 superceding indictment, charged Mr. Rodriguez with two counts-(1) receipt or distribution of material involving the sexual exploitation of minors (18 U.S.C. §2252(a)(2)); and (2) possession of material involving the sexual exploitation of minors (18 U.S.C. §2252(a)(4)(B)).  Mr. Rodriguez pled not guilty to these charges.

The action proceeded to trial on May 30, 2006.  On April 1, 2006, the jury returned a unanimous verdict to find Mr. Rodriguez guilty on both counts.  Mr. Rodriguez was sentenced to 135 months.  He is currently held in the Medical Center for Federal Prisoners in Springfield, Missouri.

### Motion for New Trial

On July 6, 2007, Mr. Rodriguez, with new counsel, moved for a new trial.  Central to the motion for new trial was a declaration of an expert witness, David R. Penrod ("Mr. Penrod").  According to Mr. Penrod, there is no evidence that Mr. Rodriguez "downloaded," "possessed," or "saw" the thumbnail images containing child pornography on Mr. Rodriguez's computer:

> Microsoft Windows Internet Explorer automatically downloads all thumbnail graphic image files found on every website visited by the user into the user's Internet History cache.  This download occurs without the knowledge of the user.  All graphic images on every visited website are downloaded, including images not seen by the user, which can amount to thousands of images.
>
> There are twelve-thousand and thirty-eight (12,028) [sic] thumbnail images containing pornography in the Internet History cache within Mr. Rodriguez's User Profile.  These files were automatically downloaded by Internet explorer without the knowledge of Mr. Rodriguez.  In other words, they were not downloaded by Mr. Rodriguez.  In this case, the government claims that fifty-one (51) of these thumbnail images contain child pornography and that somehow Mr. Rodriguez "possessed" them.  This is simply not true.  There is no evidence that can be found to prove that Mr. Rodriguez ever viewed any of these images...There is simply no means available to prove a user "saw" a particular thumbnail image.

Declaration of David J. Penrod ("Penrod Decl.") at ¶¶ 12, 17.  Mr. Penrod further avers that "at least two (2) other users, both of who have separate User Profiles on Mr. Rodriguez's work computer and containers in the recycle Bin, downloaded and accessed adult and child pornography." Penrod Decl. at ¶13.  Mr. Penrod opines that the percentage of child pornography to adult pornography is "minuscule" and "statistically insignificant" and that the evidence "demonstrates at best a marginal interest in children as sexual objects." Penrod Decl. at ¶¶19, 20.

After oral argument, this Court denied Mr. Rodriguez's motion for a new trial on July 27, 2007.

**Direct Appeal and section 2255 motion**

Mr. Rodriguez filed a notice of appeal on August 1, 2007. Mr. Rodriguez appealed this Court's denial of his motion to suppress evidence and motion for a new trial. On February 26, 2008, Mr. Rodriguez filed this section 2255 motion directly with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") to argue ineffective assistance of counsel. By order on May 20, 2008, the Ninth Circuit transferred the section 2255 motion to this Court, pursuant to Fed. R. App. P. 22(a). Thereafter, this Court held in abeyance Mr. Rodriguez's section 2255 petition until resolution of his direct appeal.

On April 17, 2009, the Ninth Circuit issued a memorandum decision to affirm the district court's denial of Mr. Rodriguez's motion to suppress and motion for new trial. *United States of America v. Rodriguez*, No. 07-10374 (9th Cir. 2009) (Crim. Doc. 101) ("Appellate Decision"). In its decision, the Ninth Circuit also addressed Mr. Rodriguez's ineffective assistance of counsel claim. Appellate Decision, 5-6. The mandate of the Ninth Circuit issued on May 12, 2009.

With Mr. Rodriguez's direct appeal resolved, this Court re-set the briefing schedule for his section 2255 motion. The government opposed Mr. Rodriguez's motion on June 8, 2009. Mr. Rodriguez filed his reply on June 22, 2009. This Court found this motion suitable for decision without a hearing, pursuant to Local Rule 78-230(h).

**Section 2255 Motion**

Mr. Rodriguez sought relief pursuant section 2255 based on his claim of ineffective assistance of counsel. The Court considered Mr. Rodriguez's claims as well as the factors set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Order on Defendant's 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence (June 24, 2009) (Doc. 107) ("Order on Section 2255 Motion"). The Court noted that in its decision on Mr. Rodriguez's appeal, the Ninth Circuit considered Mr. Rodriguez's ineffective assistance of counsel claim. On this issue, the Ninth Circuit ruled:

> Rodriguez cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984), because there was evidence of (1) child pornography on his work computer under files bearing his initials; (2) Rodriguez's access to computers at this residence and access to the internet; and (3) Rodriguez's returning to his residence and destroying images of child pornography after he suspected that he was the target of a criminal investigation.

3

1  Order on Section 2255 Motion, 6 (quoting Appellate Decision, 6). Having considered the parties'
2  arguments, evidence, and the applicable law, this Court agreed with the Ninth Circuit, and the
3  government, that Mr. Rodriguez cannot show that there was a reasonable probability that but for
4  counsel's unprofessional errors the result of the proceeding would have been different. Order on Section
5  2255 Motion, 6-8. Accordingly, this Court denied Mr. Rodriguez's section 2255 motion.

## Subsequent Appeal

7  Mr. Rodriguez appealed this Court's order to deny his section 2255 motion. The Ninth Circuit
8  remanded the action to this Court to consider whether to issue a certificate of appealability.
9  Accordingly, this Court considered the merits of Mr. Rodriguez's action, and issues the following order.

## DISCUSSION

11  28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless
12  a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the
13  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2);
14  *see also Doe v. Woodford,* 508 F.3d 563, 567 (9th Cir. 2007) (per curiam); *Williams v. Calderon*, 83
15  F.3d 281, 286 (9th Cir. 1996). A COA issues when a defendant demonstrates the questions raised are
16  "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that
17  the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S.
18  880, 893, n. 4 (1983) (superseded on other grounds by 28 U.S.C. §2253(c)(2)) (quoted in *Mendez v.*
19  *Knowles*, 556 F.3d 757, 771 (9th Cir. 2009)). In the absence of a COA, no appeal in a section 2255
20  proceeding may be heard. 28 U.S.C. § 2253(c).

21  This Court has reviewed the record of this case and finds no jurist of reason could debate that
22  Mr. Rodriguez has failed to make a substantial showing of the denial of a constitutional right. *See Clark*
23  *v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). Mr. Rodriguez cannot demonstrate "there is a reasonable
24  probability that, but for counsel's unprofessional errors, the result of the proceeding would have been
25  different," *Strickland*, 466 U.S. 668, 694 (1984); Appellate Decision, 6. The government presented
26  abundant evidence upon which the jury could have based its verdicts, including:

27      Mr. Rodriguez worked in a laboratory and worked on a computer that had multiple users.
    Other users, but never Mr. Rodriguez, complained about continual pop-up images of
28      pornography on the work computer. When the information technology specialist at the

work site attempted to solve the problem, he discovered images of naked children and contacted law enforcement. When a law enforcement officer questioned Mr. Rodriguez, he appeared nervous and evasive, and he claimed not to remember his password. Mr. Rodriguez also stated that he never shared his password with anyone. Mr. Rodriguez denied that he had a working computer at his residence. Even though Mr. Rodriguez's supervisor told the law enforcement officer that Mr. Rodriguez rarely went home for lunch, Mr. Rodriguez ended the interview and went home before his normal lunch hour. Once home, Mr. Rodriguez removed the hard drive from his computer and broke several compact discs, some labeled "teen" or apparently "preteen." He placed handwritten URLs of pornography website into vehicles on the property. He placed a large amount of stories detailing incest and sexual activities between adults and children into a barrel and started to burn them. The government contended that Mr. Rodriguez also placed sexually explicit images of children into the same burning barrel and attempted to destroy that evidence, as well. All other employees who had access to the computer on which the child pornography was stored testified under oath at trial and denied looking at or downloading any pornography. Most of those witnesses complained about images of pornography that kept appearing on the computer. The pornographic images were located in a folder with Mr. Rodriguez's initials–LCR–and were organized in specific folders. One folder was labeled "Young Teens." Moreover, the internet activity of the person logged in under the username "LCR" with the unique password assigned to Mr. Rodriguez demonstrated that person would access a website related to one of the insects on which Mr. Rodriguez helped to research and then minutes later that person would place an image into the "Young Teens" folder.[1]

Order on Section 2255 Motion, 6-7.

Mr. Rodriguez claimed that a different result would be reached if a computer forensics expert, such as Mr. Penrod, had testified at trial. Mr. Penrod opined that there are:

three (3) possible interpretations of this evidence [that others had access to the work computer]:
    1) That two other persons downloaded pornography onto the work computer in addition to Mr. Rodriguez;
    2) That Mr. Rodriguez downloaded all of the pornography and was able to access other User Profiles to do so;
    3) Those other users, not Mr. Rodriguez, downloaded all or some of the pornography and were able to access Mr. Rodriguez's User Profile to do so.

Penrod Decl. at ¶16. Mr. Penrod suggests by his own analysis, however, that in two of three scenarios, *Mr. Rodriguez is the person responsible* for putting the child pornography into folders on the work computer. Moreover, the government pointed out several inconsistencies in Mr. Penrod's declaration and provided evidence by declaration that contradict Mr. Penrod's assertions. In addition, Mr. Penrod's opinion did not address the evidence supporting Mr. Rodriguez's possession of child pornography at his home. This Court found no ineffective assistance of counsel, notwithstanding the failure to provide

---

[1] In his reply memorandum, Mr. Rodriguez did not refute the government's summary of the evidence presented against him at trial.

expert witness testimony, for additional reasons:

> Furthermore, the only scenario in which Mr. Penrod suggests Mr. Rodriguez to be not guilty of the charges is contradicted by Mr. Rodriguez's own statement that he never shared his computer password. For these reasons, Mr. Rodriguez's expert witness testimony presented no unequivocal evidence that would have caused a different result. The evidence presented at trial supported the jury verdict, even if computer forensics expert Mr. Penrod had testified at trial. Based on the above findings, there is no "probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the Court found that the outcome would have been the same notwithstanding counsel's errors. Accordingly, this Court finds no prejudice to support Mr. Rodriguez's ineffective assistance of counsel claim, and such claim must fail. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843.

Order on Section 2255 Motion, 7. Based on the foregoing considerations, this Court finds that no reasonable jurists could disagree that the outcome would not have been different if Mr. Penrod had testified.

In addition, the Court rejected Mr. Rodriguez's argument that retention of an expert witness would have changed the outcome of the motion to suppress, based on the following:

> The Ninth Circuit ruled that there was probable cause and exigent circumstances to perform a warrantless search to affirm the Court's denial of Mr. Rodriguez's motion to suppress. Appellate Decision, 2-4. Because the evidence demonstrated materials other than photographs were burned in the barrel, and because it was within the province of the jury to make a finding of fact regarding what materials Mr. Rodriguez burned, Mr. Rodriguez fails to demonstrate that his trial counsel's failure to retain an expert to testify regarding the age of the models in the burn barrel could have changed the outcome of the motion to suppress or the jury's verdict.

Order on Section 2255 Motion, 8. Based on this Court's previous discussion, and the Appellate Decision, this Court finds that reasonable jurists would not debate this Court's decision to deny Mr. Rodriguez collateral relief.

This Court and the Ninth Circuit have considered and rejected Mr. Rodriguez's meritless claims. Mr. Rodriguez has failed on both levels to "make a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The questions Mr. Rodriguez raises are not "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. 880, 893, n. 4 (1983); *Mendez*, 556 F.3d 757, 771 . Accordingly, a certificate of appealability is improper.

///

///

///

## CONCLUSION AND ORDER

For the foregoing reasons, this Court DENIES a certificate of appealability of Mr. Rodriguez's section 2255 claims. The clerk is directed to forward to the Ninth Circuit the case file with the notice of appeal (Doc. 108), this Court's Order on Defendant's Section 2255 motion (Doc. 107), and the instant order (Doc. 112). *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

**Dated:    August 17, 2009**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE